## Workmen's Compensation for Philadelphia

MARGIOTTI, Attorney General, March 11, 1938.—You have asked to be advised as to the procedure which should be adopted in order to insure that the City of Philadelphia shall comply with certain provisions of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended. You state that the City of Philadelphia has consistently refused, since 1917, to comply with various provisions of that act, and that the city has neither insured its liability with an insurance carrier nor procured

an exemption from the necessity of carrying such insurance.

Section 103 of The Workmen's Compensation Act, as amended by the Act of June 4, 1937, P. L. 1552, provides as follows:

"The term 'employer,' as used in this act, is declared to be synonymous with master, and to include natural persons, partnerships, joint-stock companies, corporations for profit, corporations not for profit, municipal corporations, the Commonwealth, and all governmental agencies created by it."

Section 302 (*a*) of The Workmen's Compensation Act, as amended, provides in part as follows:

"It shall not be lawful for any officer or agent of this Commonwealth, or for any county, city, borough, town, or township therein, or for any officer or agent thereof, or for any other governmental authority created by the laws of this Commonwealth, to give such notice of rejection of the provisions of this article, to any employe of the Commonwealth or of such governmental agency."

Section 305 of The Workmen's Compensation Act, as amended, provides in part, as follows:

"Every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Insurance Fund, or in any insurance company, or mutual association or company, authorized to insure such liability in this Commonwealth, unless such employer shall be exempted by the department from such insurance. . . .

"If any employer fails to comply with the provisions of this section *with respect to insuring or securing an exemption from insurance,* or, in any applications filed under this section, shall furnish the department with a false or fraudulent statement of outstanding incurred liability for compensation or any other false or fraudulent statement, such employer, upon conviction thereof in a summary proceeding, shall for every such failure or

false or fraudulent statement, be sentenced to pay a fine of not less than one hundred dollars ($100) nor more than three hundred dollars ($300), and costs of prosecution, and upon failure to pay such fine and costs shall be sentenced to undergo imprisonment for a period of not more than three months. Every day's violation and every false or fraudulent statement shall constitute a separate offense. It shall be the duty of the department to enforce the provisions of this section; and it shall investigate all violations that are brought to its notice and shall institute prosecutions for violations thereof.

"In any proceeding against an employer under this section, a certificate of non-insurance issued by the official Workmen's Compensation Rating and Inspection Bureau, and a certificate of the department showing that the defendant has not been exempted from obtaining insurance under this section, shall be prima facie evidence of the facts therein stated." (Italics ours.)

In view of these sections, it is clear that the City of Philadelphia must either procure workmen's compensation insurance or an exemption from the necessity of carrying such insurance. If the city has done neither, it becomes liable to the penalties provided in the above-quoted portion of section 305. A municipal corporation is subject to fine for violations of the law to the same extent as individuals, and a criminal prosecution may be instituted against such corporation in the same manner as against individuals.

As an alternative, mandamus proceedings could probably be brought to compel the proper city officials to comply with the provisions of The Workmen's Compensation Act.

You are advised, therefore, that under the provisions of The Workmen's Compensation Act of 1915, as amended, the City of Philadelphia must either carry workmen's compensation insurance or procure an exemption from the necessity of carrying such insurance.

You are also advised that the failure of the City of Philadelphia to comply with these provisions subjects it to the fines provided for in the act, and that such failure would also justify the institution of mandamus proceedings to compel the proper city officials to act according to law.